**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                                    CRIMINAL NO. 17-168 (GAG)

[1] JOSÉ RAFAEL BATISTA-BEATO,

Defendant.

**REPORT AND RECOMMENDATION**
**RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.      Procedural Background**

On March 9, 2017, a grand jury returned an indictment against [1] José Rafael Batista-Beato

(hereinafter referred to as "defendant"). ECF No. 8. The defendant has agreed to plead guilty to

count one of the indictment. Count one charges the defendant of conspiring to import cocaine, in

violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B), and 963.

**II.     Consent to Proceed Before a Magistrate Judge**

On January 15, 2019, while assisted by counsel, the defendant, by consent, appeared before

the undersigned in order to change his previous not guilty plea to a plea of guilty as to count one of

the indictment. In open court the defendant was questioned as to the purpose of the hearing being

held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries

were to be conducted under oath and that it was expected that his answers would be truthful; (c) the

potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the

change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant

was also explained the differences between the appointment and functions of the two. The defendant

consented to proceed before the undersigned magistrate judge.

### III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'"  United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]:  1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.  United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

## C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained, and he understood, that if convicted on count one he will face the following penalties: a term of imprisonment of at least ten (10) years, but not more than life, a fine not to exceed $10,000,000, and a term of supervised release of at least five (5) years but not more than life.

The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.  In addition, defendant was made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

## D.  "Type C" Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that the court may accept or reject the plea agreement, or may defer its decision whether to accept or reject the plea agreement until it has considered the pre-sentence report. If the court rejects the plea agreement, the court will inform the

parties of this fact and afford the defendant an opportunity to withdraw the guilty plea and advise

the defendant that if he persists in a guilty plea, the disposition of the case may be less favorable to

the defendant than the defendant contemplated in the plea agreement. Defendant acknowledged

having understood these explanations and all the terms and conditions of the plea agreement.

### E. Government's Evidence

The government presented a summary of its evidence consistent with the version of facts of

the plea agreement with which the defendant concurred. The defendant also admitted that he and

another occupant of the vessel left from a place outside of Puerto Rico and traveled towards Puerto

Rico. Accordingly, it is determined that there is a basis in fact and evidence to establish all the

elements of the offenses charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that

he did not feel pressured to plead guilty.

### G. Waiver of Appeal

The defendant was explained, and he understood, that if the imprisonment sentence imposed

by the court is 135 months or less, the defendant waives the right to appeal any aspect of this case's

judgment and sentence, including but not limited to the term of imprisonment or probation,

restitution, fines, forfeiture, and the term and conditions of supervised release.

### H. Administrative Consequences

Defendant was warned, and he understood, that his decision to enter a guilty plea in this

case may result in negative or adverse consequences regarding his immigration status in the United

States.

## IV.     Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 18th day of January, 2019.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

5